UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH SIEFERT, *et al.*, | : | Case No. 1:17-cv-511 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| HAMILTON COUNTY BOARD OF COMMISSIONERS, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO FILE THE COMPLAINT (Doc. 1)
AND ALL CASE DOCUMENTS UNDER SEAL (Doc. 2)**

## I.   INTRODUCTION

This civil action is before the Court regarding Plaintiff's motion to file the complaint and all other case documents under seal. (Doc. 2). Plaintiff states two general reasons for sealing the filings in this case: avoiding emotional harm to the Plaintiffs that would result from the public disclosure of the allegations in the complaint, and avoiding the harm from public disclosure of the sensitive medical information of a minor.

## II.   STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

1

There is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other, allowing litigants to shield those documents which are ultimately relied on in the Court's adjudication from public view. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting disclosure of documents in discovery upon a mere showing of good cause. *Id*. However, "very different considerations apply" when these materials are filed in the public record. *Id.*

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Three times in the past year the Sixth Circuit has explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Klingenberg*, 658 Fed. Appx. at 207-08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify the non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06.

A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting the parties "could not have waived the *public's* First Amendment and common law right of access to court filings[]") (citation omitted); *see also In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983) (in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. *Shane Grp.*, 825 F.3d at 307.

A district court which chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

Plaintiff's motion requests that "this Court order their complaint and all other case documents to be filed under seal." (Doc. 2, at 4). As outlined above, the Sixth Circuit has clearly held that generalized, sweeping Orders sealing cases are inappropriate and that any Order sealing part of the record must give compelling reasons for the sealing of each affected document. *See supra* Part II. Plaintiff's motion lists no specific document

3

to be sealed other than the complaint, and, accordingly, cannot give detailed reasons for the sealing of any documents yet to be filed. Therefore, insofar as Plaintiff's motion requests the sealing of any future documents, the motion is denied in that regard.

The Court has carefully reviewed both the complaint and Plaintiff's motion to evaluate the merits of allowing the complaint to be filed under seal. Based upon the highly sensitive nature of the allegations contained in the complaint, which include many details intimately related to medical care received by a minor, the Court finds that there is significant justification for preventing disclosure of the complaint to the public. Moreover, at this time, the public's interest in access is less compelling than the rationale to seal, as there is no compelling need for immediate public access to the complaint; and, further, the seal is narrowly tailored. Accordingly, Plaintiff's request to seal the complaint, at this point in the litigation, is meritorious; and, therefore, Plaintiff's motion to file under seal shall be granted, but only with respect to the complaint.

The Court recognizes that this case likely promises to generate future filings that may merit this Court allowing them to be filed under seal. Therefore, any party intending to make any filing under seal, *i.e.*, that contains sensitive information pertaining to a minor, shall first file a motion to file documents under seal outlining, specifically and thoroughly, the rationale for a sealed filing. <u>All motions to file documents under seal may themselves be filed under seal without need for further Court approval.</u> When the sealed motion to file documents under seal is filed, the filing party should also contemporaneously email the documents in question to the Court using chambers email

(black_chambers@ohsd.uscourts.gov).  The Court will then determine whether sealing is warranted on a document by document basis, after reviewing the motion to seal and the documents in question.

## IV. CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's motion to file the complaint and all case documents under seal (Doc. 2) is **GRANTED IN PART only**.  The Clerk is instructed to lift the seal on this case as a whole and to place the complaint (Doc. 1) under seal.  Any party wishing to make further filings in this case under seal must first file a comprehensive <u>sealed</u> motion[1] requesting permission to seal and providing specific justification for sealing the filings in question in accordance with the law and the procedure outlined above, *see supra* Part III (including contemporaneously emailing to the Court the documents at issue).

**IT IS SO ORDERED**.

Date:  9/15/17

Timothy S. Black
United States District Judge

---

[1] <u>All motions to file documents under seal may themselves be filed under seal without need for further Court approval.</u>