# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH SIEFERT, et al., | : | Case No. 1:17-cv-511 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| HAMILTON COUNTY | : | |
| BOARD OF COMMISSIONERS, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING REQUEST TO PERMIT DISCOVERY INTO SPOLIATION**

This civil action is before the Court upon Plaintiffs' request to conduct discovery into the Defendant Children's Hospital's alleged spoliation of evidence. The parties discussed this issue at an informal discovery conference held with the Court on December 14, 2021. The Court has received written statements on the issue from counsel and the relevant correspondence between the parties. The Court is ready to decide on the request for discovery into spoliation.

## I.   FACTUAL BACKGROUND[1]

Plaintiffs are the parents of Minor Siefert ("M.S."). Defendants are Hamilton County and its sub-agencies ("County Defendants") and Children's Hospital Medical Center, along with individuals employed by Children's Hospital Medical Center ("Hospital Defendants," or "Children's Hospital" unless otherwise specified).

---

[1] For this Order, the factual background is taken from the complaint (Doc.1), the written statements before the informal discovery conference of December 14, 2021, and the representations at the informal discovery conference.

1

In November 2016, M.S. was admitted to Children's Hospital. The context regarding M.S.'s admission involves mental health and gender identity issues. Against the wishes of Plaintiffs, for a period of 30 days, Defendants refused to release M.S. back into Plaintiffs' custody. During this 30-day period, Defendant Hamilton County Juvenile and Family Services considered many options, including, it seems, initiating a court case regarding the custody or care of M.S, although County Defendants never obtained a court order regarding their holding of M.S. Plaintiffs requested M.S.'s release several times during this 30-day period. Defendants only released M.S. after Plaintiffs agreed to let M.S.'s grandparents take care of M.S., pursuant to a safety plan.

In the instant case, after motions to dismiss and an appeal and remand, there is only one cause of action before this Court: a violation of procedural due process under 42 U.S.C. §1983.

The factual universe relevant to the question before the Court presently is narrow. Specifically, there are three communications that are potentially relevant.[2] Plaintiffs suggest one or more of these communications should have triggered the duty to preserve email evidence and that Hospital Defendants failed to do so.

In an email from Defendant Dr. Jennifer Bowden to other hospital personnel dated December 9, 2016, Bowden says "JFS is seeking to take custody." In the next sentence, Bowden explains why in her estimation the child should not be discharged to the family. And in the very next sentence, Bowden says "This case is likely to go to court…"

---

[2] These communications are not themselves in the record. Counsel emailed them to the Court at the Court's request.

On April 11, 2017, about four months after M.S. had been released to the grandparents, Plaintiffs' counsel sent a letter to Hospital Defendants. The letter details the facts surrounding the 30-day holding of M.S. After summarizing the factual account, Plaintiffs' counsel says:

> These facts establish violations of Ohio and federal law. That is because, during the entire time that [M.S.] was being held at the hospital, Children's, JFS, and their representatives deprived Mr. and Mrs. Siefert of their association and custody of their child, without their consent, without due process, and without a court order. Before we make a final decision on how to proceed with this case, I would appreciate hearing your response to the issues that I have raised. For that reason, I would encourage you or our legal representative to contact me at the earliest possible convenience.

By letter dated April 24, 2017, in-house counsel for the Hospital Defendants responded on behalf of the Hospital Defendants. The Hospital Defendants stated their opinion that the hospital was not a state actor. The letter goes on: "If you are considering filing suit, I would note that CCHMC is typically willing to accept responsibility for the care and treatment provided by its employees…" and then describes a procedure whereby the Hospital would receive a list of possible Defendants to avoid the process of serving individuals. According to the parties at conference, there was no follow up correspondence. Plaintiffs filed suit on August 1, 2017 and effectuated service on all Defendants shortly thereafter.

## II. STANDARD OF REVIEW

"[A] a party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed

3

"with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Beaven v. U.S. Dep't of Just.*, 622 F.3d 540, 553 (6th Cir. 2010).[3] "Thus, an adverse inference for evidence spoliation is appropriate if the Defendants knew the evidence was relevant to some issue at trial and ... [their culpable] conduct resulted in its loss or destruction." *Id.* (quoting *Hodge v. Wal–Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir.2004)).

"An obligation to preserve may arise when a party should have known that the evidence may be relevant to future litigation, but, if there was no notice of pending litigation, the destruction of evidence does not point to consciousness of a weak case and intentional destruction." *Joostberns v. United Parcel Servs., Inc.*, 166 F. App'x 783, 797 (6th Cir.2006).

Plaintiffs do not move for a sanction for spoliation here, though. Instead, they have requested discovery into spoliation.

Rule 26(b)(1) provides that a party: "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…. But the Court has the power to limit discovery, even if it is relevant. Specifically, Rule 26(b)(2) permits a court, upon its own initiative, to limit "the frequency or extent of use of discovery methods" if:

---

[3] The sanctions for spoliation run the gamut from an adverse inference to dismissal of claims. *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004).

    (i)    the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

### III. ANALYSIS

As a threshold matter, the Court finds that the April 2017 email from Dr. Bowden to staff does not give rise to any obligation to preserve evidence. Context makes clear that Dr. Bowden is discussing the possibility of something like a custody proceeding, not contemplating a civil rights case like the one that emerged. Moreover, it is not clear if Dr. Bowden or anyone she is writing to has the ability to keep records or maintains an appropriate agency relationship with the Hospital such that they could command record preservation. This calls into question the idea of "control" over the evidence. *Beaven,* 622 F.3d at 553. For these reasons, the Court finds that December 2016 email does not trigger the Hospital Defendants' duty to preserve records.

The import of the April 2017 letter from Plaintiffs' counsel to Defendants' counsel is another matter. This letter clearly raises the prospect of litigation, but it also states that Plaintiffs are considering their options and that Plaintiffs' counsel wishes to discuss the issue. Noticeably absent, especially for a letter from counsel, is any request to preserve evidence. Defendants' response likewise suggests the expectation that the parties would discuss things further and asks for a list of Defendants, "if you are considering filing suit." Plaintiffs' counsel did not, apparently, follow up.

To be clear, based on what is before it, the Court lacks several of the factual elements regarding a <u>finding</u> of spoliation. To start, Plaintiffs do not assert that relevant evidence was destroyed. Plaintiffs only seem to suspect that unretained emails could contain relevant evidence. "Mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures." *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008). Without knowing much about the potentially destroyed evidence, the Court cannot say if would help a reasonable trier of fact. Finally, Plaintiff's 2017 letter to Defendants is equivocal on the possibility of litigation. Even if the Court found that Hospital Defendants were on notice of litigation, the issue is whether Defendants "knew the evidence was relevant to some issue at trial." *Beaven,* 622 F.3d at 553 (6th Cir. 2010). Plaintiffs do not assert a basis for why their letter should have triggered an awareness that emails specifically would be relevant to any future litigation. *See Joostberns*, 166 F. App'x 783, 797 (6th Cir. 2006).

Plaintiffs may well protest that these gaps indicate why discovery is necessary. For now, the Court, under its discretion pursuant to Rule 26(b)(2), finds that Plaintiffs' theory of spoliation is too tenuous to allow discovery into email spoliation specifically. Additionally, the Court would expect discovery on this topic to cause substantial time and cost to the parties. For that reason, the burden or expense of the proposed discovery into the email spoliation outweighs its likely benefit.

## IV. CONCLUSION

Wherefore, for the reasons stated here:

1) The Court **DENIES** Plaintiffs leave to conduct discovery into the conclusory alleged spoliation of Defendants' emails.

**IT IS SO ORDERED.**

Date: 12/15/2021

*Timothy S. Black*
Timothy S. Black
United States District Judge