# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSEPH SIEFERT, et al.,       Case No. 1:17-cv-511

    Plaintiffs,

                     McFarland, J.
    vs.                      Bowman, M.J.

HAMITLON COUNTY
BOARD OF COMISSIONERS, et al.,

    Defendants.

## MEMORANDUM ORDER

This civil action came before the Court on August 23, 2022 for a discovery conference, by phone, to address the parties' discovery disputes. Based upon the parties' informal oral motions, arguments and assertions during the conference, the undersigned issues the following **ORDER:**

    1. *Number of Witnesses and Depositions*

The parties have designated approximately 36 potential lay witnesses. Plaintiffs contend that they would like to take depositions of all of Defendants witnesses. As such, Plaintiffs anticipate that they will need to take more than the 10 allotted depositions. Plaintiffs are therefore asking the Court for permission to take additional depositions. Plaintiffs request is premature at this time. The parties shall proceed with depositions as scheduled. If the need arises, the Court may expand the number of depositions. This matter is herein set for an additional informal conference on **October 5, 2022 at 10:00am** in order to discuss the potential need for additional depositions.

    2. *Discovery related to Plaintiff's minor children*

Plaintiffs have three younger children, who were ages 6 months, 3 years, and 12 at the time of the events outlined in the Complaint. Plaintiffs object to discovery related to

the 3 younger children on the grounds of relevance as Plaintiffs are not seeking damages based on harm to the three younger children. Upon careful review, the undersigned finds that the minor children may not be deposed or called as witnesses without Court approval. However, questions relating to the minor children shall be permitted during deposition testimony, subject to Federal Rules of Evidence and the Federal Rules of Civil Procedure.

*3. Request to inspect premises*

The County Defendants have asked questions in discovery about the Plaintiffs attempts to physically remove the Minor Plaintiff from Cincinnati Children's Hospital Medical Center ("CCHMC").  However, according to Plaintiffs, because of the security systems at the hospital, there was no way that the Plaintiffs could physically remove the child without hospital approval. Accordingly, Plaintiffs seek an inspection and video of CCHMC's College Hill facility, which provides psychiatric and behavioral health services.

After originally stating that they would make arrangements for the inspection, Defendant CCHMC later advised Plaintiffs' counsel that it is not feasible to accommodate a tour of the College Hill facility at this time. CCHMC is engage in a $99M expansion of the College Hill facility that will virtually replace the whole facility. In addition, CCHMC asserts that an inspection is not feasible due to COVID and flu concerns, patient and staff safety concerns, patient and staff privacy concerns, and restrictions on visitation. CCHMC further contends that consistent with its prior objections, such an inspection is not relevant or proportional to the one remaining due process claim in this case. CCHMC's contentions are not well-taken.[1]  Accordingly, the undersigned finds that CCHMC shall allow Plaintiffs to inspect and video the premises, to include both the lobby and the area in which the

---

[1] The Court inquired as to the possibility of a stipulation regarding the security measures and feasibility of the parents to remove their child without approval. An agreement on a stipulation was not reached.

2

Minor Plaintiff was held, **or** provide a drawing, preferably an architectural drawing, of the premises to include the lobby and the area in which the Minor Plaintiff was held showing the locations of the locked doors, security guards and other and security measures in place at the time of the events in question.

    4. *Records from Patricia Kerregan*

Plaintiffs are seeking all records from Patricia Kerregan, a social worker at CCHMC who treated the Minor Plaintiff.  Plaintiffs contend that Defendants have only produced medical records but cite to records that reflect that emails relating to this matter do exist and have not yet been produced.  Notably, on August 2, 2022, CCHMC contacted Ms. Kerregan to determine whether she has any such records that would exist outside of the official medical records and agreed to supplement its document production with any such documents. To date, CCHMC represents that it has not received any additional documents.  To the extent that such documents exist, CCHMC must produce them to Plaintiff.  The Court notes that emails are often located in places other than in an "inbox," such as a "sent" folder or "trash" folder.  To perform a complete search Ms. Kerregan is required to thoroughly search her emails.  If CCHMC has already produced all documents that exist from Ms. Kerregan, it shall so certify for the record.

    5. *Records Relating to Humana Appeals*

Plaintiffs requested documents from CCHMC related to an appeal to Humana, Plaintiffs' health insurer at the time of the events in question.  CCHMC contends that it has produced all Humana documents in its possession.[2]  The undersigned finds that CCHMC shall do another search for any Humana documents and to focus on the type of

---

[2] Plaintiffs also subpoenaed the documents from Humana.  According to Plaintiffs, Humana did not respond to the subpoena.

documents that Plaintiffs' counsel has indicated exists but has not yet been produced. If additional documents are not found by CCHMC, Plaintiffs may file a motion to compel Humana to respond to Plaintiffs' subpoena.

*6. Post July 2021 Medical Records*

Plaintiffs are seeking the Minor Plaintiff's medical records through January 29, 2018, the date of the juvenile custody hearing. Notably, the Minor Plaintiff was hospitalized at CCHMC from November 23, 2016 through December 20, 2016. CCHMC has produced medical records through July of 2017, more than 7 months after Minor Plaintiff's discharge from CCHMC. Defendants contend that medical records after July 2017 are not relevant or proportional to Plaintiffs' remaining claim. The Court noted that from the period of time through the juvenile custody hearing that the parents may have a legal right to be able to obtain the records since their parental rights were not yet terminated. The Court directed the parties to further look into this issue. If the parents are otherwise legally entitled to these records the Defendants should produce them. The Court advised the parties to work together to resolve this disputed issue. Should the parties not be able to come to an agreement or compromise as to the production of these medical records, the Plaintiffs are permitted to file a motion to compel.

*7. Medical Authorizations and additional medical documents*

On June 22, 2022, Plaintiffs sent a letter to Jerry Kunkel and David Brittingham requesting information about medical authorizations and corresponding materials obtained by Defendants from Minor Plaintiff and her providers. Plaintiffs' informal request, however, did not comply with the Federal Rules of Civil Procedure governing discovery. Accordingly, Plaintiffs shall serve Defendants with a formal discovery request, relating to

the medical authorizations and medical records, as outlined by the Federal Rules of Civil Procedure.  The requests shall clearly indicate which Defendants each request is directed.

**IT IS SO ORDERED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge